**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 16 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MICHAEL JEFFREY MORRIS,

Defendant-Appellant.

No. 97-5188
(N. District of Oklahoma)
(D.C. No. 92-CR-60-B)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **McKAY,** and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The court, therefore, honors the parties' requests and orders the case submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Michael J. Morris appeals the district court's imposition of a special condition of supervised release prohibiting Morris from acting as a mortgage broker and limiting Morris' involvement in the financing of automobile sales. The case is before the court on counsel's special brief and motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967). Morris has not filed a response to the *Anders* brief. This court exercises jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 2742, **affirms** the imposition of the special condition, and **grants** counsels motion to withdraw.

Morris pleaded guilty in 1992 to use of a false social security number in violation of 18 U.S.C. § 408(a)(7)(B). The guilty plea arose out of an attempt on the part of Morris to obtain credit with confidential information he had obtained in the course of his job as a mortgage broker. After numerous violations of the conditions of his supervised release, which violations led to a prior modification and prior revocation of supervised release, the district court entered an order revoking Morris' supervised release on August 11, 1997. As part of that order, the district court sentenced Morris to a six-month term of incarceration, followed by an additional thirty-month term of supervised release. In light of Morris' repeated violations involving the access to and use of confidential financial information, the district court imposed the following special condition of supervised release:

You are prohibited from engaging in any type of employment which involves the processing of credit applications, or the solicitation of investors or lenders for yourself or others. Specifically, you are prohibited from being involved in any capacity in the field of mortgage brokering. If you are involved in the sale of automobiles, you can process applications, but they must be approved by a supervisor or someone in the chain of command within the automobile agency.

It is from this restriction that Morris appeals.

A special condition of supervised release prohibiting a defendant from engaging in a specified occupation or profession must satisfy the following general requirements: (1) the condition must be reasonably related to the nature and circumstances of the offense and the history and characteristics of the defendant; and (2) the condition must involve no greater deprivation of liberty than is reasonably necessary. *See* 18 U.S.C. § 3583(d); U.S.S.G. § 5F1.5; *see also United States v. Edgin*, 92 F.3d 1044, 1048 (10th Cir. 1996) (interpreting § 3583(d) and § 5F1.5). As aptly conceded by Morris' counsel, both of these conditions are clearly satisfied in this case. As to the first condition, the district court specifically found that Morris' mortgage brokering activities, with its attendant easy access to others' financial information, and Morris' conviction for attempting to gain credit with falsified social security information were reasonably related. As to whether absent the restriction Morris would continue to violate the law, the district court found as follows:

> What we can't get away from is this defendant committed new crimes. He has already been to prison for, I believe, 42 months. He has been prosecuted in 1988, 1992, revoked in 1993, and then he comes up last year and commits the same kind of crime. And then he's worried why we don't want him to be a F & I man where he would have access to people's credit reports and Social Security numbers when the very crime he commits he's using other peoples Social Security numbers to get credit.

In addition to this criminal history, a psychologist opined at the revocation hearing that Morris may suffer from a mental condition which causes compulsive criminal behavior in the area of illegally using others social security numbers and credit histories. In light of this background and testimony, it is clear that the occupational restriction imposed by the district court bore a direct relationship to Morris' past criminal acts as well as the danger that Morris' unrestrained access to financial information would hold for the future.

The occupations restriction imposed here also satisfies the second general condition in that it is the least restrictive possible while still preventing future criminal behavior on the part of Morris. As pointed out by the United States and conceded by Morris's counsel, the occupational restriction was not a blanket one. The district court did not prevent Morris from working in any capacity in which he might come into contact with financial information, only those situations most fraught with the potential for future criminal acts. In particular, the district court allowed Morris to process credit applications in a family automobile business, as long as Morris was supervised. Accordingly, the occupational restriction did not

foreclose all potential employment avenues, only those where Morris had unfettered access and control over confidential financial information.

Having satisfied both of the general requirements for imposition of an occupational restriction, the district court's special condition of supervised release is hereby **AFFIRMED**. Counsel's motion to withdraw is **GRANTED**.

ENTERED FOR THE COURT:


Michael R. Murphy
Circuit Judge